**Rolland David BOOM, Appellant,**

v.

**Eleanor Lois BOOM, Respondent.**

No. C2-83-1956.

Supreme Court of Minnesota.

Jan. 18, 1985.

John E. Mark, New London, for appellant.

Richard S. Roberts, Wheaton, for respondent.

## OPINION

COYNE, Justice.

Appellant Rolland David Boom seeks relief from the order of the Court of Appeals denying his motion to reinstate his appeal following its dismissal for failure to comply with Rule 110.02 of the Minnesota Rules of Civil Appellate Procedure. Because the essential elements of Rule 110.02, subd. 1, had been timely performed and because the failure to file a certificate of transcript is not a jurisdictional defect, we reverse and remand to the Court of Appeals for reinstatement of the appeal.

On December 12, 1983, Rolland David Boom appealed from a judgment entered September 29, 1983, and from an order filed November 9, 1983, amending the judgment entered in this dissolution proceeding, which had been instituted in 1970 as a divorce action. Within ten days of noticing the appeal, on December 20, 1983, appellant filed with the clerk of court for Traverse County a formal request for a transcript of the proceedings—a procedure apparently in keeping with Traverse County practice. On December 28, 1983, the court reporter acknowledged receipt of the clerk's December 21st transmittal of the request for transcript, accepted the order, and promised delivery of the transcript not later than 30 days after receipt of advance payment. On January 4, 1984, the reporter acknowledged receipt of the requested payment.

Although the record does not indicate that a copy of the appellant's request for a transcript was served on the respondent's counsel, the court reporter's acceptance of the transcript order and her acknowledgement that payment had been received both indicate that copies were sent to the respondent's counsel as well as to the Traverse County clerk of court. Notwithstanding knowledge that the transcript had been ordered and paid for, on January 6, 1984, the respondent brought a motion for dismissal of the appeal on the ground that the appellant had failed to comply with Rule 110.02. Together, the formal request for transcript and the court reporter's letters of December 28th and January 4th contain all the information included in a certificate as to transcript except the estimated number of pages, but the appellant had filed neither these documents nor a transcript certificate with the clerk of the appellate courts and the appeal was dismissed.[1] The order of dismissal was filed on February 6, 1984, the same day that the transcript was delivered.

On February 14, 1984, the appellant petitioned for reinstatement of the appeal, attaching copies of his response to the motion for dismissal, his request for transcript, and the correspondence from the court reporter. The Court of Appeals denied the

---

1. The appellant contends that he filed a response to the motion on January 18, 1984, seven days after expiration of the time for response provided by Rule 127, Minnesota Rules of Civil Appellate Procedure. In any event, neither opposing counsel nor the clerk of the appellate courts have record of its receipt.

petition, and the appellant petitioned this court for further review.

The Rules of Civil Appellate Procedure are designed not only to set out the jurisdictional requirements for perfecting an appeal but also to provide a procedural framework within which counsel and the court can, through cooperative effort, expedite the processing of an appeal. Rule 110.02 limits the time for ordering the transcript and directs the filing of a certificate signed by designating counsel and the reporter and showing when the transcript was ordered and when the reporter expects to deliver it. The rule also provides sanctions in the event the reporter fails to make timely delivery. It is for appellant to take the initiative with respect to arranging for the transcript without the intervention or assistance of the court. It is also for the appellant to advise the court and opposing counsel that appellant is diligently prosecuting his appeal.

██ Although the respondent seems to have been aware when she moved for dismissal that the transcript had already been ordered and the order accepted, she did not share that information with the Court of Appeals. When the Court of Appeals issued its order of dismissal seven weeks after the filing of the notice of appeal, the appellate court file contained nothing indicating that the transcript had been timely ordered, the order accepted, and the advance payment made—or even that the appellant was sufficiently interested to oppose the motion for dismissal. Nor did the Court of Appeals have any obligation, as the appellant suggests, to inspect the district court file before dismissing the appeal. On the record before it, the Court of Appeals could only regard the appeal as abandoned and enter an order of dismissal.

██ When, however, the petition for reinstatement demonstrated that the appellant had not abandoned the appeal but had carried out the essential elements of Rule 110.02, a somewhat more flexible approach would have been a preferable method of dealing with the failure to file a transcript certificate—a technical procedural deficiency. These four questions posed by the North Dakota Supreme Court offer guidance in the disposition of a motion to dismiss:

1. Has the movant been prejudiced by the appellant's failure to comply with the rules?
2. Has the appellant demonstrated justifiable cause for the failure to comply with the rules?
3. Has the defect been cured and have the record and all briefs been filed so that the merits can be evaluated?
4. Is the underlying appeal meritorious?

*Matter of the Estates of Kjorvestad,* 304 N.W.2d 83, 85 (N.D.1981). Here the appellant demonstrates no justifiable cause for his noncompliance with the rules. That the Court of Appeals and the rules governing appeals before it were new seems to us all the more reason for strict observance of the rules. Nevertheless, the transcript was ordered timely. The failure to comply with the rule regarding a certificate of transcript did not delay either the delivery of the transcript or the filing of the appellant's brief. The respondent was not prejudiced. Although we are not in a position at this time to comment on the merits of the appeal, the failure to file a transcript certificate is not, as respondent contends, a jurisdictional defect. When the interrupted briefing schedule is completed, the evaluation of the merits can proceed unaffected by the failure to file a transcript certificate. Under these circumstances a sanction less severe than dismissal is appropriate.

Reversed and remanded to the Court of Appeals.