**PROGRESSIVE CASUALTY INSURANCE COMPANY,**
**Appellant,**

v.

**William KRAAYENBRINK, Jr.,**
**Respondent,**

**Donald C. Gathje, et al., Defendants,**

**State Farm Insurance Company, Respondent.**

**No. C5-84-746.**

Supreme Court of Minnesota.

March 29, 1985.

Daniel J. Heuel, Rochester, for appellant.

Thomas Wolf, Rochester, for respondent.

WAHL, Justice.

Progressive Casualty Insurance Company (Progressive) seeks review of an order of the Court of Appeals dismissing Progressive's appeal in that court for failure to timely file its brief.[1] Because the dismissal in this case occurred before our decision in *Boom v. Boom*, 361 N.W.2d 34 (Minn.1985), in which we set forth the factors to be considered in the disposition of a motion to dismiss for technical noncompliance with the Rules of Civil Appellate Procedure, we reverse and remand for reconsideration under *Boom*.

Progressive brought this suit against its insured, William Kraayenbrink, Jr., for adjudication of its right to deny him benefits and its subrogation rights against the other named defendants. The trial court entered summary judgment against Progressive on stipulated facts. On April 25, 1984, Progressive timely noticed its appeal from this judgment in the Court of Appeals and noted in its statement of the case that no transcript was necessary. On May 10, 1984, Progressive received Kraayenbrink's statement of the case in which he agreed no transcript was necessary. On June 1, 1984, Kraayenbrink moved for dismissal on the ground that Progressive had failed to timely file its brief. On June 4, 1984, Progressive filed its brief and a responsive memorandum to the motion to dismiss. On June 20, 1984, the Court of Appeals granted the motion to dismiss because Minn.R. Civ.App.P. 131.01 required the filing of appellant's brief within 30 days of the notice of appeal which, in this case, had been filed on April 25, 1984. The Court of Appeals found that no extension had been requested or granted and that the June 4 filing was untimely. We granted the petition for further review.

■ Rule 131.01, Minn.R.Civ.App.P., states in pertinent part:

> If the transcript is obtained prior to appeal or if the record on appeal does not

---

1. Progressive has not sought review of the order of the Court of Appeals dated July 24, 1984, denying its motion for reinstatement.

include a transcript, then the appellant shall serve and file his brief and appendix * * * within 30 days after filing of the notice of appeal or order granting review.

Progressive advanced arguments to the Court of Appeals and again to this court that its brief was in fact timely filed under the Rules. While we do not find these arguments persuasive, we address them here to eliminate any confusion which may have arisen in construing the briefing schedule set forth in Rule 131.01. Progressive contends that in cases where no transcript is requested by the appellant, as was the case here, the 30-day time limit begins to run from the date respondent agrees that no transcript is necessary. There is no textual support for this construction of the rule, and we discern no reason to infer such a reading. The rule is plain that the time begins to run in such a case from the day the appeal is noticed. The Court of Appeals properly so held and we affirm.

█ Progressive also argues that the running of the time limits for briefs should be suspended upon intervening substantive motions made prior to the time briefs are due. In this case, respondent State Farm made a motion to dismiss on May 10, 1984, two weeks before Progressive's brief was due to be filed. This motion was granted on May 31, 1984. Progressive contends, while conceding no textual support for its contention, that its briefing schedule should have been suspended for the period this motion was pending, to avoid needless waste of time and effort, in briefing issues relating to a party who may ultimately be dismissed. This argument raises a proper concern but as the Rules are presently written, Rules 102 and 126.02 provide the procedure to remedy such hardship, permitting the court to suspend Rule 131.01 and extend the 30-day limit for good cause shown.

The question remains whether the Court of Appeals properly dismissed Progressive's appeal under the circumstances of this case. In *Boom*, reviewing an order denying a motion for reinstatement, we held that dismissal of an appeal for non-compliance with a technical matter, which neither prejudices the other party nor delays the appeal, is an inappropriate sanction. Failure to timely file a brief is a technical, nonjurisdictional matter. *Boom* set forth four factors for a court to consider in ruling on a motion to dismiss in such a case:

1. Has the movant been prejudiced by the appellant's failure to comply with the rules?
2. Has the appellant demonstrated justifiable cause for the failure to comply with the rules?
3. Has the defect been cured and have the record and all briefs been filed so that the merits can be evaluated?
4. Is the underlying appeal meritorious?

*Boom*, 361 N.W.2d at 36 (citation omitted). On the record before us, Kraayenbrink has shown no particular prejudice and we note that the defect was cured more than two weeks before the order of dismissal was issued. We are mindful, however, that *Boom* had not been decided at the time this matter and Progressive's motion for was under consideration by the Court of Appeals. We, therefore, reverse and remand the matter for reconsideration in light of *Boom*.

Reversed and remanded.

KELLEY, Justice (concurring specially).

I concur in the decision of the court. The technical defect in the appeal was cured more than a fortnight prior to the issuance of the dismissal order. I fail to see how it can reasonably or logically be claimed that Kraayenbrink would have been prejudiced had the dismissal motion been denied. Normally, and certainly under the facts of this case, prejudice does not include a claim of delay in payment of alleged benefits, especially when the appeal, absent a dismissal order, would have been heard in its normal order.