STATE of Minnesota, Respondent,

v.

BATZER CONSTRUCTION CO., INC., et al., Defendants,

Robert Stenger Batzer, Appellant (CX–89–1331),

Bruce Batzer, Appellant (CX–89–1345).

Nos. CX–89–1331, CX–89–1345.

Court of Appeals of Minnesota.

Sept. 12, 1989.

# 282

Hubert H. Humphrey, III, Atty. Gen., Helen Rubenstein, Sp. Asst. Atty. Gen., St. Paul, for State.

Pat McGrath, St. Paul, for Robert Stenger Batzer.

Dean Grau, Minneapolis, for Bruce Batzer.

Considered at Special Term and decided by PARKER, P.J., and HUSPENI and RANDALL, JJ., without oral argument.

## SPECIAL TERM OPINION

PARKER, Judge.

### FACTS

Defendants seek review of a probation revocation order. They timely filed notices of appeal and motions for clarification of the briefing schedule, but did not submit their briefs on the merits. The state moves to dismiss.

### DECISION

An appeal from a probation revocation order is taken "according to the procedure provided for appeal from a sentence by Rule 28.05." Minn.R.Crim.P. 27.04, subd. 3(5). The clerk of the appellate courts "shall not accept a notice of appeal from sentence unless accompanied by" a brief on the merits and proof of service upon opposing counsel, the attorney general, and the trial court administrator. Minn.R.Crim.P. 28.05, subd. 1(1). This motion to dismiss presents a question as to the effect of a defendant's failure simultaneously to serve and file a brief on the merits.

A defendant challenging a conviction *and* sentence "has the option of combining the two appeals into a single appeal; when this option is selected the procedures established by Rule 28.02 * * * shall continue to apply." *Id.* By contrast to the accelerated briefing schedule imposed upon sentencing appeals by Rule 28.05, Rule 28.02 contemplates a delay of up to 30 days after filing the appeal to order the transcript, 60 days for transcript preparation, an additional 60 days for appellant to brief the merits, and 45 days for respondent to submit a brief. Minn.R.Crim.P. 28.02, subds. 9, 10.

The Batzers pleaded guilty in 1986 and are not challenging their underlying convictions. Their appeals from the probation revocation proceedings are thus governed solely by Rule 28.05. Unlike an ordinary sentencing appeal, additional transcripts are needed before briefs can be prepared on this case. Those transcripts were not obtained before the appeals were taken. While earlier preparation would have facilitated prompt disposition of the appeal, appellants clearly indicated they were awaiting transcripts and moved this court to establish a briefing schedule.

Failure to serve and file a brief timely is not a jurisdictional defect. In deciding whether to dismiss, this court must evaluate the prejudice, if any, caused to respondent, the reason for appellants' delay, and the effect upon our ability to review the merits. *Progressive Casualty Insurance Co. v. Kraayenbrink,* 365 N.W.2d 229, 231 (Minn.1985). In this case, the state has established no prejudice, and counsel was aware that additional transcripts had been ordered. Appellants immediately moved this court for clarification, putting all parties on notice that briefs would be submitted later. Our review of the merits will not be hampered, and will likely be enhanced, by the availability of transcripts.

These appeals were timely taken, and the failure to file simultaneous briefs on the merits does not compel dismissal. *See* Minn.R.Crim.P. 28.02, subd. 4(1) ("failure of the defendant to take any other step than timely filing the notice of appeal does not affect the validity of the appeal"). We

note that the result may well be different if the *state* had appealed and then failed to file a brief or seek clarification. *See State v. Olson*, 294 N.W.2d 320, 321 (Minn.1980).

When necessary transcripts are not obtained before appeal, we encourage counsel to move for clarification of the briefing schedule. We have previously established a schedule to be followed by these parties, and will restate it for the benefit of future appellants seeking review of probation revocation orders. It appears that the 60–day period afforded to appellants challenging their convictions is not needed, so these appellants will have 30 days after delivery of the transcript to serve and file briefs. Respondent will be allowed 30 days after service of appellants' briefs to serve and file a single brief, addressing the issues raised by both appellants.

Motion to dismiss denied.