**STATE of Minnesota, Appellant,**

v.

**Ronald Gerald SHELLITO, Respondent.**

**No. C7–90–109.**

Court of Appeals of Minnesota.

June 19, 1990.

Review Denied Aug. 23, 1990.

William R. Kennedy, Hennepin County Public Defender, Warren R. Sagstuen, Renee J. Bergeron, Asst. Hennepin County Public Defenders, Minneapolis, for respondent.

Considered and decided by PARKER, P.J., and CRIPPEN and SHORT, JJ.

## OPINION

SHORT, Judge.

The state appeals from a trial court's order granting respondent's motion to plead guilty to a lesser included offense pursuant to Minn.R.Crim.P. 15.07. After briefing was complete, we questioned whether we had jurisdiction over the appeal. The parties submitted additional memoranda. We dismiss the appeal.

## FACTS

Respondent Ronald Shellito was charged with first degree burglary for entering a home without consent and committing an assault while in the residence. Following plea negotiations, Shellito offered to plead guilty to fourth degree burglary, a gross misdemeanor. The state opposed the motion, but the trial court granted the Rule 15.07 motion and proceeded to take Shellito's plea. The court also ordered a presentence investigation and set a sentencing date.

The state filed a motion for a rehearing and reconsideration of the Rule 15.07 order. At a hearing on this motion, the trial court indicated it would review the parties' memoranda and rule on the state's motion at the sentencing hearing.

At sentencing, the motion was again argued. The trial court reiterated its earlier ruling, and explained its acceptance of the plea to a lesser offense. The state then indicated it might ask for a stay for purposes of appeal, and the trial court granted a recess to allow the state to consider that option and call the county attorney's appellate division. Following the recess, the trial court indicated the state "hasn't been able to get an answer to their question,"

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Beverly J. Wolfe, Asst. Hennepin County Atty., Minneapolis, for appellant.

and proceeded to sentence Shellito for fourth degree burglary.

Four days after sentencing, the trial court filed a written order granting the Rule 15.07 motion and stayed the order five days to allow the state to appeal. The state's appeal was filed the same day.

## ISSUE

Do we have jurisdiction over this pretrial appeal by the state filed after sentencing?

## ANALYSIS

The Minnesota Rules of Criminal Procedure provide that "[n]o appeal of a pretrial order by the prosecuting attorney shall be taken after jeopardy has attached." Minn.R.Crim.P. 28.04, subd. 2(8). The rule states a jurisdictional requirement for a prosecution pretrial appeal. This requirement is distinct from the constitutional bar of double jeopardy. *See State v. Rhines*, 435 N.W.2d 542, 544 (Minn.App. 1989) (discussing both the appealability of a "pretrial" order made after the jury had been sworn, and the application of double jeopardy), *pet. for rev. denied* (Minn. Mar. 17, 1989).

In *State v. Carriere*, 290 N.W.2d 618 (Minn.1980), a trial court certified the question of whether it could accept a plea over the state's objection. Significantly, the trial court did not rule on the motion before certifying the question. The supreme court approved, noting:

> Acceptance of defendant's plea of guilty to second-degree murder would have constituted a conviction barring further prosecution of defendant for a different degree of the same crime. §§ 609.02, subd. 5(1); 609.04, subd. 2.

*Id.* at 619 n. 2; *see also State v. Sailor*, 257 N.W.2d 349, 352 (Minn.1977) (once guilty plea is accepted and recorded, further prosecution is barred by Minn.Stat. § 609.035 protection against multiple prosecution).

We need not decide whether, under Minn.R.Crim.P. 28.04, subd. 2(8), jeopardy attached when the guilty plea was accepted because respondent was sentenced before this appeal was filed. Moreover, the sentencing occurred more than a month and one-half after the plea was accepted. We note that there is merit in the state's concern that its right of appeal may be lost unfairly if jeopardy attaches when the plea is taken. A trial court may move immediately from granting a Rule 15.07 motion to accepting the plea, preventing or denying a request for a stay to allow the state to appeal. *See* Minn.R.Crim.P. 14.03 (defendant may enter a guilty plea at any time during the proceedings); Minn.R.Crim.P. 28.04, subd. 2(1) (trial court shall order a stay upon oral notice that the state intends to appeal). We need not decide that jeopardy attached at the time the trial court accepted the plea. At the latest, jeopardy attached when respondent was sentenced. *See Ricketts v. Adamson*, 483 U.S. 1, 8, 107 S.Ct. 2680, 2684, 97 L.Ed.2d 1 (1987) (jeopardy attaches "at least" when sentence is pronounced against a defendant who has pleaded guilty).

The state argues the trial court erroneously failed to honor a request for a stay. This argument is without merit. The record shows a stay was mentioned just before sentencing, but no request was made, even after a recess was granted to determine whether a stay should be sought. The trial court did not err in proceeding to pronounce sentence, particularly given the time that had elapsed since the plea was taken. Because of our disposition on jurisdictional grounds, we need not address the issues raised in this appeal.

## DECISION

Without a timely request for a stay, Minn.R.Crim.P. 28.04, subd. 2(8) bars an appeal taken after a defendant is sentenced.

Appeal dismissed.