STATE of Minnesota, Appellant,

v.

Chester C. WATLEY, Respondent.

No. C4–95–1107.

Court of Appeals of Minnesota.

Dec. 26, 1995.

Review Denied Feb. 27, 1996.

---

Michael O. Freeman, Hennepin County Attorney, Gayle C. Hendley, Assistant County Attorney, Minneapolis, for Appellant.

William R. Kennedy, Hennepin County Public Defender, James Kamin, Assistant Public Defender, Minneapolis, for Respondent.

Hubert H. Humphrey, III, Attorney General, James B. Early, Assistant Attorney General, Gina G. Washburn, Executive Director, Minnesota County Attorneys Association, St. Paul, for Amici Curiae Attorney General and Minnesota County Attorneys Association.

Considered and decided by PARKER, P.J., TOUSSAINT, C.J., and LANSING, KLAPHAKE, AMUNDSON, HARTEN and FOLEY *, JJ.

## OPINION

DANIEL F. FOLEY, Judge.

The state appeals the dismissal of criminal drug charges against respondent. The district court ruled that double jeopardy barred the criminal prosecution because of a prior civil administrative forfeiture of property found in proximity to the controlled substances seized from respondent. We do not reach the issue of whether the civil forfeiture here constituted punishment upon which double jeopardy may apply. Instead, we reverse, because there was no previous judgment of forfeiture upon which jeopardy could attach.

## FACTS

On August 12, 1994, two police officers stopped respondent Chester Watley, because his vehicle matched the description of a vehicle involved in a "shots fired" call earlier that evening. The officers observed Watley's vehicle traveling in an alley with its lights off. In a search of Watley's vehicle, the officers found baggies containing marijuana, powder cocaine, and crack cocaine. The officers seized, for forfeiture purposes, Watley's 1991 GMC Jimmy automobile, some jewelry, $45 in food stamps and the $258 in cash. The officers provided Watley with a "Notice of Seizure and Intent to Forfeit Property"

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 2.

form, containing a notification that Watley had 60 days to file and serve a demand for judicial review in order to challenge the administrative forfeiture of his property.

Watley did not file and serve a demand for judicial review. Instead, he contacted the county attorney's office and negotiated a disposition of the seized items. The parties stipulated to a settlement of the forfeiture matter by signing a document that the county attorney had prepared and that named Watley as plaintiff and his property as defendant. Pursuant to the stipulation, Watley recovered his food stamps and personal jewelry, but he lost his money and automobile. The money was forfeited to the state; the car was returned to its lienholder. The record contains a claim from the lienholder, stating that Watley was in default on his credit union loan for failure to make payments dating from before his arrest.

Approximately one month after the forfeiture stipulation, the state issued a criminal complaint charging Watley with first degree sale of controlled substance and second degree possession of controlled substance. Watley moved to dismiss the criminal complaint, alleging that his prosecution on the criminal charges impermissibly placed him twice in jeopardy for the same crime.

The district court ordered dismissal of the criminal complaint on double jeopardy grounds. The state appeals. With permission of this court, the Minnesota Attorney General and the Minnesota County Attorneys Association filed a joint amicus brief.

## ISSUE

Did Watley's stipulation to forfeiture under the administrative forfeiture statute prevent jeopardy from attaching?

## ANALYSIS

■ The district court found that application of Minnesota's administrative drug forfeiture statute to Watley constituted per se "punishment" for purposes of the Double Jeopardy Clause protection against multiple punishment for the same offenses. "[T]he Double Jeopardy Clause protects against * * * multiple punishments for the same offense." *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). The appellate court reviews de novo the constitutional issue of double jeopardy. *United States v. Ursery,* 59 F.3d 568, 570 (6th Cir.1995), *cert. granted,* —— U.S. ——, 116 S.Ct. 762, 133 L.Ed.2d 707 (1996).

■ A defendant bears the burden of proof to show that a civil remedy is punitive for purposes of invoking the double jeopardy clause. *United States v. Ward,* 448 U.S. 242, 251, 100 S.Ct. 2636, 2642, 65 L.Ed.2d 742 (1980). Only the "clearest proof" is sufficient to establish the unconstitutionality of a statute on grounds that the statute is so punitive in purpose or effect as to negate the statute's express intention that it be a civil remedy. *Id.* at 249, 100 S.Ct. at 2641 (quoting *Flemming v. Nestor,* 363 U.S. 603, 617, 80 S.Ct. 1367, 1376, 4 L.Ed.2d 1435 (1960)).

■ The stated purpose of an administrative forfeiture is "remedial" in nature. Minn. Stat. § 609.531, subd. 1a (1994). The burden is upon Watley to show otherwise. *Ward,* 448 U.S. at 251, 100 S.Ct. at 2642. In this case, the district court placed the burden of proof on the state and, by so doing, committed reversible error. The district court then determined that the civil forfeiture statute applied here was "sufficiently 'criminal' so that the sanctions it exacts constitute punishment," based upon *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) and *Halper,* 490 U.S. at 435, 109 S.Ct. at 1892. Since we hold that jeopardy did not attach to the nonjudicial forfeiture, the question whether a per se punishment rule under *Austin* or a proportionality analysis under *Halper* applies is not before us.

It is axiomatic that double jeopardy cannot occur without a former jeopardy. *Serfass v. United States,* 420 U.S. 377, 393, 95 S.Ct. 1055, 1065, 43 L.Ed.2d 265 (1975). The state argues, and we agree, that the stipulation and administrative forfeiture here is, at best, a pretrial proceeding upon which jeopardy may not attach. *See id.* at 391, 95 S.Ct. at 1064 (holding jeopardy does not attach to pretrial dismissal of criminal complaint).

Both the history of the Double Jeopardy Clause and its terms demonstrate that it

does not come into play until a proceeding begins before a trier "having jurisdiction to try the question of the guilt or innocence of the accused."

*Id.* at 391, 95 S.Ct. at 1064 (quoting *Kepner v. United States,* 195 U.S. 100, 133, 24 S.Ct. 797, 806, 49 L.Ed. 114 (1904)). Thus, for example, jeopardy attaches when a defendant pleads guilty and the trial court accepts the plea and sentences the defendant. *State v. Shellito,* 456 N.W.2d 470, 472 (Minn.App. 1990), *review denied* (Minn. Aug. 23, 1990); *see also State v. Fuller,* 374 N.W.2d 722, 726 (Minn.1985) (jeopardy attaches once jury is sworn).

Here, the officers who arrested Watley seized money, jewelry, food stamps, and Watley's vehicle, and provided him written notice that forfeiture of the property would be "automatic unless within 60 days of receipt of this form [notice] you demand a judicial determination of this matter." The face of the notice directed:

> IF YOU DO NOT DEMAND JUDICIAL REVIEW EXACTLY AS PRESCRIBED IN MINNESOTA STATUTES, SECTION 609.5314, SUBDIVISION 3, YOU LOSE THE RIGHT TO A JUDICIAL DETERMINATION OF THIS FORFEITURE AND YOU LOSE ANY RIGHT YOU MAY HAVE TO THE ABOVE DESCRIBED PROPERTY.

The reverse side of the notice provided to Watley sets forth the procedure for obtaining judicial determination of the forfeiture. It quotes the following statutory provision:

### MINNESOTA STATUTES SECTION 609.5314 SUBDIVISION 3

[JUDICIAL DETERMINATION.] (a) Within 60 days following service of a notice of seizure and forfeiture under this section, a claimant may file a demand for a judicial determination of the forfeiture. The demand must be in the form of a civil complaint and must be filed with the court administrator in the county in which the seizure occurred, together with proof of service of a copy of the complaint on the county attorney for that county, and the standard filing fee for civil actions, unless the petitioner has the right to sue in forma pauperis under 563.01. If the value of the seized property is less than $500, the claimant may file an action in conciliation court for recovery of the seized property without paying the conciliation court filing fee. No responsive pleading is required of the county attorney and no court fees may be charged for the county attorney's appearance in the matter. The proceedings are governed by the rules of civil procedure.

(b) The complaint must be captioned in the name of the claimant as plaintiff, the seized property as defendant, and must state with specificity the grounds on which the claimant alleges the property was improperly seized and stating the plaintiff's interest in the property seized. Notwithstanding any law to the contrary, an action for the return of property seized under this section may not be maintained by or on behalf of any person who has been served with a notice of seizure and forfeiture unless the person has complied with this subdivision.

(c) If the claimant makes a timely demand for judicial determination under this subdivision, the appropriate agency must conduct the forfeiture under Minnesota Statutes section 609.531, subd. 6(a).

(d) If a demand for judicial determination of an administrative forfeiture is filed under this subdivision and the court orders the return of the seized property, the court shall order that filing fees be reimbursed to the person who filed the demand. In addition, the court may order payment of reasonable costs, expenses, and attorney fees under section 549.21, subd. 2. If the court orders payment of these costs, they must be paid from forfeited money or proceeds from the sale of forfeited property from the appropriate law enforcement and prosecuting agencies in the same proportion as they would be distributed under section 609.5315, subd. 5.

Watley did not demand a judicial determination of the forfeiture. No judicial determination of forfeiture occurred. Watley, instead, negotiated an out-of-court settlement which, by its terms, was separate and distinct from any criminal proceeding.

Watley notes that the stipulation of forfeiture prepared by the county contained a court caption titled, "Stipulation of Dismissal" and listed Watley and his wife as plaintiffs and the property as defendants. He contends that the stipulation therefore was in the form of a judgment that demonstrates that jeopardy attached here. We disagree.

■ A defendant who seeks to prove that a prior forfeiture "punished" him or her must have first come forward in the forfeiture proceeding and claimed that he or she owned the property. *United States v. Cretacci,* 62 F.3d 307, 311 (9th Cir.1995). In *Cretacci,* the court held that, where the defendant failed to come forward and demand a judicial proceeding, the administrative forfeiture was a taking of abandoned property that did not constitute a prior punishment for purposes of the double jeopardy clause. *Id.* Similarly, in *United States v. Torres,* 28 F.3d 1463, 1465 (7th Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994), the Seventh Circuit determined that a defendant had not been "in jeopardy" in a prior judicial forfeiture proceeding, because he failed to make a claim and become a party in that proceeding; the forfeiture proceeded by default. The court stated that without a claim of ownership, there was no reason to believe that Torres had an interest in the forfeited money; he might have been, for instance, no more than a courier. *Id.* at 1465–66. The court then held that double jeopardy did not bar a subsequent criminal prosecution of the defendant on drug charges. *Id.* at 1466.

■ The forfeiture here was not a judicial proceeding; there was no litigation in court. The administrative forfeiture statute mandates that a person who receives notice of seizure and forfeiture, as Watley did here, can challenge the forfeiture only by following the procedures outlined in that statute, including timely filing a summons and complaint. Minn.Stat. § 609.5314, subd. 3(b). Watley failed to file a claim as required and, thus, some of the property seized from him was necessarily forfeited as if unclaimed. That Watley and the county stipulated to the

release of the jewelry and food stamps to him does not change this result. Watley has not claimed overreaching. The county merely stipulated to release its claim to forfeiture of these items. There being no formal claim of ownership as required by the statute, we cannot say that Watley's agreement to administrative forfeiture of the money is anything more than an admission that the money did not belong to him.[1]

There having been no judicial forfeiture proceeding here, we hold that Watley did not subject himself to risk of punishment or guilt and, therefore, jeopardy did not attach in the forfeiture proceeding. Further, the stipulation to dismiss was, at best, a pretrial proceeding to which jeopardy could not attach. *See Serfass,* 420 U.S. at 391, 95 S.Ct. at 1064 (jeopardy does not attach to a pretrial dismissal).

### DECISION

The district court erred when it placed the burden of proof upon the state, rather than Watley, to show that the civil forfeiture constituted punishment under the double jeopardy clause. Jeopardy did not attach when Watley failed to challenge forfeiture in a judicial proceeding. Prosecution of Watley does not constitute double jeopardy. We reverse and remand for trial.

**Reversed and remanded.**

---

1. As to Watley's vehicle, the record shows that Watley had defaulted on his automobile loan before the officers stopped him and seized the vehicle. The parties stipulated to the lender's repossession of the vehicle.