Michael O. FREEMAN, Hennepin
County Attorney, Respondent,

v.

RESIDENCE LOCATED AT 1215 EAST 21ST STREET, MINNEAPOLIS, HENNEPIN COUNTY, Minnesota (Owner: Russell Marvin Swart), Appellant,

Michael O. FREEMAN, Hennepin
County Attorney, Plaintiff,

v.

ONE 1981 AMERICAN VEHICLE, MINNESOTA LICENSE No. 027ELH VIN 1AMCA0585BK180544; et al., Defendants.

No. C1–95–2635.

Court of Appeals of Minnesota.

July 30, 1996.

Review Denied Oct. 15, 1996.

Hubert H. Humphrey, III, Attorney General, St. Paul, Michael O. Freeman, Hennepin County Attorney, Gayle C. Hendley, Assistant County Attorney, Minneapolis, for Respondent.

Timothy J. Hickman, Voss, Goetz & Hickman, P.A., Minneapolis, for Appellant.

Considered and decided by HUSPENI, P.J., and CRIPPEN and SCHUMACHER, JJ.

## OPINION

CRIPPEN, Judge.

Russell Swart, owner of appellant property, challenges the trial court's determination that the civil forfeiture of his property does not constitute double jeopardy. We affirm.

## FACTS

After extensive surveillance led police to suspect drug activity on appellant residential property, police entered the residence and found a package of heroin carrying a street value between $12,000 and $96,000. Russell Swart, who owned and occupied the property, was arrested and eventually pleaded guilty to possession of a controlled substance with intent to distribute. Swart was sentenced to 26 months imprisonment for the possession charge.

Shortly after police discovered the heroin, respondent County Attorney commenced civil forfeiture proceedings against Swart's residence. The trial court initially refused to order the forfeiture, finding that Swart was not the property's owner because his mother had given him the residence temporarily. On appeal, this court reversed the trial court, finding that Swart was the owner of the property and holding that the residence was subject to forfeiture under Minnesota statutory law permitting the forfeiture of property "associated with" drug activity. Minn.Stat. § 609.5311, subd. 2 (1995). This court remanded for a trial court determination of whether the forfeiture of Swart's property would violate federal double jeopardy law.

On remand, the trial court ordered forfeiture, finding no double jeopardy because the forfeiture of appellant property bore "a rational relationship to the goal of compensating government for its loss" and because the value of appellant property was "not overwhelmingly disproportionate to the amount of Swart's criminal activity." The court found that Swart's property was worth approximately $37,000 and that the state had shown expenses of investigating, prosecuting, and incarcerating Swart totaling approximately $126,000.

## ISSUE

Is civil forfeiture punitive per se when the forfeited property is not an instrumentality of drug activity or property purchased with drug proceeds, but merely property "associated with" drug activity?

## ANALYSIS

■ The parties do not dispute the facts of this case. Whether the trial court correctly applied the law of double jeopardy to these facts is a legal question that the appellate court may review de novo. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

■ The Fifth Amendment to the United State Constitution provides: "No person shall * * * be subject for the same offence to be twice put in jeopardy of life or limb * * *." U.S. Const. amend. V; *and see* Minn. Const. art. I, § 7 ("[N]o person shall be put twice in jeopardy of punishment for the same offense * * *."). Swart has already been criminally sanctioned for his drug possession and may not constitutionally be punished again for that conduct. Thus, the question is whether the forfeiture of Swart's residence constitutes "punishment" for double jeopardy purposes.

■ A civil sanction is not punishment if it may fairly be characterized as remedial. *United States v. Halper*, 490 U.S. 435, 448–49, 109 S.Ct. 1892, 1902, 104 L.Ed.2d 487 (1989); *State v. Hanson*, 543 N.W.2d 84, 87 (Minn.1996). The trial court correctly held that the forfeiture of Swart's property does not offend double jeopardy because it may fairly be characterized as serving and not exceeding the remedial aim of "compensating government for its loss."

■ It is well established that compensating the state for expenses incurred in prosecuting and punishing criminal behavior is a remedial, not punitive, goal for the purpose of double jeopardy analysis. *See Halper*, 490 U.S. at 446, 109 S.Ct. at 1900 (stating rule that government may demand "rough

remedial justice" in the form of monetary compensation for expenses incurred in dealing with a criminal defendant's behavior "without being deemed to have imposed a second punishment for the purpose of double jeopardy analysis"); *Department of Revenue v. Kurth Ranch*, 511 U.S. 767, ——, 114 S.Ct. 1937, 1945, 128 L.Ed.2d 767 (1994) (citing *Halper*, 490 U.S. at 449–50, 109 S.Ct. at 1902–03, for proposition that a civil sanction "may be remedial in character if it merely reimburses the government for its actual costs arising from the defendant's criminal conduct"); *United States v. 38 Whalers Cove Drive*, 954 F.2d 29, 36 (2d Cir.1992) (stating that the forfeiture of property not determined to be an instrumentality of drug crime is not automatically punitive, but only punitive if property's value is overwhelmingly disproportionate to the government's costs); *State v. Rosenfeld*, 540 N.W.2d 915, 921 (Minn.App.1995) (noting that "drug forfeitures may serve the remedial goal of compensating the state for its law enforcement activities"); *Freeman v. Residence Located at 1215 East 21st Street*, No. CX–94–484, 1994 WL 440263 (Minn.App. Aug.16, 1994) (remanding this case to trial court for determination of double jeopardy issue with the instructions: "forfeiture might violate the Double Jeopardy Clause unless it reflects no more than the actual costs to the state due to [Swart's] criminal conduct").

We observe remand language at the conclusion of *Rosenfeld* that may be thought to accept appellant's view that the forfeiture of "associated" property not an instrumentality or proceeds is punitive per se. This language should not be read so as to destroy the holding of the case, which is that courts "must consider *all* remedial goals served by [a civil] sanction" when determining whether the sanction may fairly be characterized as remedial. *Rosenfeld*, 540 N.W.2d at 921 (emphasis in original).

■ *Rosenfeld's* remand on the associated property issue is unique to the facts of that case, where the state did not demonstrate that the forfeiture served the remedial purpose of compensation. *Id.* at 920 ("the state has not shown that it suffered damages resembling the value of the forfeited property").

In a civil forfeiture case where the goal of compensating government is not raised or demonstrated, the forfeiture of associated property will most likely be found punitive; unlike the forfeiture of instrumentalities or proceeds of crime, the forfeiture of associated property does not serve the noncompensatory remedial goals recognized in *Rosenfeld*, that is, (1) removing implements of crime from the public domain, and (2) reducing the financial incentive to engage in criminal behavior. *Id.* at 923. In this case, the goal of compensating the state was both raised and demonstrated.

Swart contends that the Supreme Court decision *Austin v. United States* established a per se punitive rule for civil forfeitures. *Austin v. United States*, 509 U.S. 602, 610, 113 S.Ct. 2801, 2806, 125 L.Ed.2d 488 (1993) (determining that civil forfeiture "can only be explained as serving in part to punish"). But *Austin* arrived at the conclusion that civil forfeiture was punitive exclusively because of its application of the "solely remedial" test, which has since been discarded in Minnesota in favor of the "fairly characterized" test. *See Hanson*, 543 N.W.2d at 87 (holding that while "*Halper* is admittedly a case from which more than one 'test' can be rationalized," the solely remedial test should be rejected in Minnesota "on the grounds that it is not the specific holding of *Halper*"); *Rosenfeld*, 540 N.W.2d at 920 (declining to apply the solely remedial standard "because the Supreme Court recently reaffirmed the 'fairly characterized' test as the holding of *Halper*"). *See also Kurth Ranch*, 511 U.S. at ——, 114 S.Ct. at 1945 (stating holding of *Halper* as rule that a criminal defendant who has already been punished may not be subject to any civil sanction that "may not fairly be characterized as remedial, but only as deterrent or retribution").

### DECISION

The trial court correctly determined that the forfeiture of Swart's property did not violate double jeopardy law because the forfeiture served and did not exceed the remedial goal of compensating government for its

costs in connection with the owner's criminal behavior.

**Affirmed.**