**In the Matter of the WELFARE OF J.L.P., Child.**

**No. A05–67.**

Court of Appeals of Minnesota.

Aug. 5, 2005.

Mike Hatch, Attorney General, St. Paul, MN; and Robert M.A. Johnson, Anoka County Attorney, Kristin C. Larson, Assistant County Attorney, Anoka, MN, for respondent.

Felix J. Sahlin, St. Paul, MN, for appellant.

Considered and decided by TOUSSAINT, Chief Judge; LANSING, Judge; and MINGE, Judge.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

The state has filed a motion to dismiss this appeal from an order revoking appellant J.L.P.'s probation in this extended jurisdiction juvenile (EJJ) proceeding and executing the adult sentence. Because we conclude the appeal was timely filed, and because there are no other grounds for dismissal, we deny the motion to dismiss, as well as appellant's requests for relief.

## FACTS

J.L.P. was charged in a 2000 delinquency petition in Goodhue County with criminal vehicular operation and criminal vehicular homicide. The prosecutor designated the prosecution as an EJJ proceeding. In 2001, J.L.P. pleaded guilty, and the matter was transferred to Anoka County for disposition. The district court in Anoka County imposed a juvenile out-of-home placement, along with two stayed adult sentences.

In August 2003, the district court made a finding that J.L.P. had violated the terms of his EJJ probation. It appears, from appellant's brief, that the district court executed at least part of the adult sentence, and J.L.P. served 180 days in an adult correctional facility. J.L.P. then apparently returned to EJJ status until the November 2004 order that he now appeals.

On March 30, 2004, J.L.P. was again charged with violating the conditions of his EJJ probation. After a hearing, the district court revoked probation on both counts, rejecting J.L.P.'s challenge to the constitutionality of the EJJ statute. The district court issued its order on November 10, 2004, and J.L.P. filed this appeal on January 10, 2005, 61 days later. The state argues that the appeal should have been filed within 30 days, as required by Minn. R. Juv. Delinq. P. 21.03, subd. 2(A).

## ISSUES

1. What time limitation applies to the filing of an appeal from a probation-revocation order in an extended jurisdiction juvenile proceeding?

2. Is appellant entitled to any relief based on respondent's filing of the motion to dismiss?

## ANALYSIS

*Timeliness of the appeal*

The state argues that this appeal should have been filed within 30 days, the deadline for appealing most orders in juvenile delinquency proceedings. *See* Minn. R. Juv. Delinq. P. 21.03, subd. 2(A). J.L.P. does not cite a rule allowing a longer appeal time, but instead relies primarily on the notice of appeal filed in *State v. Garcia*, 683 N.W.2d 294 (Minn.2004). But, although *Garcia* involved an appeal from an EJJ revocation, the opinion does not discuss the jurisdictional issue of the applicable time limit for appeal. Therefore, it is not precedential authority on that jurisdictional issue. *See State v. Thoma*, 569 N.W.2d 205, 207 (Minn.App.), *aff'd mem.* 571 N.W.2d 773 (Minn.1997).

Both parties have overlooked the provision in rule 19.11, subd. 3(E), of the juvenile delinquency rules, which states:

The probationer or the prosecuting attorney may appeal from the court's decision [on revoking EJJ probation] according to the procedure provided for appeal from a sentence by the Minnesota Rules of Criminal Procedure 28.05.

Minn. R. Juv. Delinq. P. 19.11, subd. 3(E). The rule referenced, rule 28.05, subd. 1(1), of the rules of criminal procedure, gives a party 90 days to appeal a sentence. (The rule also governs appeals from adult probation revocation orders. Minn. R.Crim. P. 27.04, subd. 3(5).)

The reference in rule 19.11 to the "procedure" provided in rule 28.05 of the rules of criminal procedure extends to the time allowed for appeal. This appeal was filed 61 days after the November 10, 2004 order, and therefore was well within the 90–day limit provided in rule 28.05.

Even if the rule were ambiguous, there appears to be no other authority for applying the 30–day appeal deadline that applies to other juvenile-delinquency appeals. Once the adult sentence is executed, the jurisdiction of the juvenile court terminates. Minn.Stat. § 260B.130, subd. 5. At that point, the need to adhere to the policy of expedited handling of juvenile-delinquency appeals is diminished.

The state also argues that J.L.P. cannot raise his challenge to the constitutionality of the EJJ statute at this time because he failed to appeal the original order imposing the EJJ sentence as well as the 2003 order revoking EJJ probation. But this argument goes to this court's scope of review, not to its jurisdiction to hear the appeal. The state can address this argument to the panel assigned to consider the merits of the appeal.

■ The state points out that J.L.P. did not file his appellant's brief along with the notice of appeal, as is generally required for sentencing appeals under rule 28.05, and that appellant cited rule 28.02, as well as rule 28.05, in his statement of the case and notice of appeal. The criminal rules allow a defendant appealing a probation-revocation order to file his appellant's brief later if he needs to order a transcript. Minn. R.Crim. P. 27.04, subd. 3(5). The same latitude should be allowed in EJJ probation-revocation appeals. It would be unfair to require J.L.P. to file his appellant's brief before the transcript that he ordered was delivered. It would also be hyper-technical to dismiss the appeal because J.L.P. mistakenly cited rule 28.02, the rule governing appeals from criminal convictions, in his appeal papers. The state has shown no prejudice from this mistaken citation. *See Boom v. Boom,* 361 N.W.2d 34, 36 (Minn.1985) (outlining factors to consider in determining whether to dismiss for nonjurisdictional defect, including prejudice to the other party); *State v. Herem,* 365 N.W.2d 771, 772 (Minn.1985) (applying *Boom* factors in criminal appeal).

*Appellant's requests for relief*

■ J.L.P. asks that this court issue an order determining the state's motion to dismiss is in bad faith, denying the state's motion for an extension of its briefing time, and barring the state from participating in oral argument. This court has already granted the state's motion for an extension of its briefing time in a separate order. And we conclude that the motion to dismiss was not brought in bad faith. The state merely overlooked a provision in the juvenile delinquency rules that J.L.P.'s attorney also overlooked. There are no grounds to sanction the state by denying it an opportunity to participate in oral argument.

Motions denied.