In the Matter of the WELFARE
OF J.L.P., Child.

No. A05–67.

Court of Appeals of Minnesota.

Jan. 31, 2006.

Felix J. Sahlin, St. Paul, MN, for appellant J.L.P.

Mike Hatch, Attorney General, St. Paul, MN, and Robert M.A. Johnson, Anoka County Attorney, Kristin C. Larson, Assistant County Attorney, Anoka, MN, for respondent State of Minnesota.

Considered and decided by PETERSON, Presiding Judge; STONEBURNER, Judge; and HUSPENI, Judge.*

## OPINION

PETERSON, Judge.

Appellant was charged with three felony offenses, and the prosecutor designated that the case should be an extended jurisdiction juvenile (EJJ) prosecution. Appellant pleaded guilty to two felony charges, and the district court sentenced appellant to a juvenile disposition and two stayed adult sentences subject to the terms of appellant's juvenile disposition. Appellant violated a disposition condition, and the district court revoked appellant's EJJ status, continued the stay of the adult sentences, placed appellant on probation for ten years, and as a condition of probation, ordered appellant to serve 180 days in jail. Appellant violated his probation, and the district court revoked the stay and executed the adult sentences. On appeal from the sentence, appellant argues that the imposition and execution of both a juvenile disposition and an adult criminal sentence, as required by Minn.Stat. § 260B.130, subd. 4 (2004), constitutes double punishment for the same offense and, therefore, violates the Double Jeopardy and Equal Protection clauses of the state and federal constitutions. We affirm.

## FACTS

A delinquency petition was filed in Goodhue County alleging that appellant J.L.P. committed one count each of criminal vehicular operation resulting in death, criminal vehicular operation resulting in great

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

bodily harm, and criminal vehicular operation resulting in substantial bodily harm. Because appellant was 17 years old at the time of the offenses and because criminal vehicular operation resulting in death is a felony offense for which commitment to prison is presumed under the Minnesota Sentencing Guidelines, the prosecutor designated that the case should be an EJJ prosecution. Appellant pleaded guilty to criminal vehicular operation resulting in death and criminal vehicular operation resulting in great bodily harm. The plea agreement provided that a juvenile disposition would be imposed, along with two stayed adult felony sentences. By order filed July 5, 2001, the district court accepted the plea and adjudicated appellant an EJJ delinquent.

Venue was transferred to Anoka County for disposition. The juvenile disposition granted custody of appellant to Anoka County Juvenile Corrections, under conditions prescribed by the court, until appellant's 21st birthday and placed appellant in the Juvenile Center. The district court also imposed two stayed adult felony sentences of 48 and 18 months to run consecutively.

At a hearing on August 20, 2003, appellant admitted violating a disposition condition by entering a liquor store and trying to buy alcohol using false identification. Based on findings that appellant willfully violated probation and was no longer amenable to treatment in the juvenile system, the district court revoked appellant's EJJ status. The district court continued the stay of execution of the adult sentences and placed appellant on probation for ten years. As a probation condition, appellant was required to serve 180 days in the Anoka County adult correctional facility, with work-release privileges.

A March 8, 2004 Anoka County corrections department report alleged that ap-

pellant had violated probation; the violations included failing to complete chemical-dependency treatment. An addendum filed October 7, 2004 alleged additional violations, including that appellant had used alcohol and failed to remain law abiding. Appellant appeared before the district court and admitted the violations, but the hearing was continued to give appellant an opportunity to challenge the constitutionality of the EJJ prosecution statute, Minn.Stat. § 260B.130 (2004). The district court rejected appellant's constitutional challenge and executed the adult sentences. The district court gave appellant credit for a total of 360 days served in juvenile and adult detention facilities.

This appeal followed. By special term order, this court denied the state's motion to dismiss the appeal as untimely. *In re Welfare of J.L.P.*, 701 N.W.2d 282, 285 (Minn.App.2005).

## ISSUES

1. Do the dual-sentencing provisions of Minn.Stat. § 260B.130 violate state and federal constitutional prohibitions against double jeopardy?

2. Does Minn.Stat. § 260B.130 violate the equal-protection clauses of the state and federal constitutions?

## ANALYSIS

■ 1. Whether a district court correctly applied the law of double jeopardy is a question of law, which this court reviews de novo. *Freeman v. Residence Located at 1215 East 21st St.*, 552 N.W.2d 275, 276 (Minn.App.1996), *review denied* (Minn. Oct. 15, 1996).

■ A person may not be put twice in jeopardy for the same offense. U.S. Const. amend. V; Minn. Const. art. I, § 7. "The double jeopardy clauses of both constitutions protect criminal defendants

from three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." *State v. Calmes,* 632 N.W.2d 641, 649 (Minn.2001) (footnote and quotation omitted). The prohibition against double jeopardy applies to delinquency proceedings that are based on violations of criminal statutes. *In re Welfare of E.R.D.,* 551 N.W.2d 238, 240 (Minn.App.1996). When a defendant pleads guilty, jeopardy attaches, at the latest, when sentencing occurs. *State v. Shellito,* 456 N.W.2d 470, 472 (Minn.App. 1990), *review denied* (Minn. Aug. 23, 1990).

Minn.Stat. § 260B.130, subd. 4(a) (2004), states:

> If an extended jurisdiction juvenile prosecution results in a guilty plea or finding of guilt, the court shall:
>
> (1) impose one or more juvenile dispositions under section 260B.198; and
>
> (2) impose an adult criminal sentence, the execution of which shall be stayed on the condition that the offender not violate the provisions of the disposition order and not commit a new offense.

Citing *Breed v. Jones,* 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), appellant argues that imposing a juvenile disposition and an adult criminal sentence as required under Minn.Stat. § 260B.130, subd. 4(a), violates the prohibition against double jeopardy. In *Breed,* following an adjudicatory hearing at which the juvenile court heard witness testimony, the juvenile court sustained the petition alleging respondent delinquent based on its findings that respondent violated a criminal statute and was subject to the juvenile court's jurisdiction. *Breed,* 421 U.S. at 521–22, 95 S.Ct. at 1781–82. At the dispositional stage of the proceeding, the juvenile court found respondent unamenable to treatment as a juvenile and ordered that he be prosecuted as an adult. *Id.* at 523–24, 95 S.Ct. at 1782–83. Respondent was then tried as an adult and convicted of robbery. *Id.* at 525, 95 S.Ct. at 1783. Respondent filed a petition for a writ of habeas corpus alleging that his transfer to adult court and his subsequent trial placed him in double jeopardy. *Id.* at 525–26, 95 S.Ct. at 1783–84.

The Supreme Court concluded:

> We cannot agree with petitioner that the trial of respondent in Superior Court on an information charging the same offense as that for which he had been tried in Juvenile Court violated none of the policies of the Double Jeopardy Clause. For, even accepting petitioner's premise that respondent never faced the risk of more than one punishment, we have pointed out that the Double Jeopardy Clause ... is written in terms of potential or risk of trial and conviction, not punishment.... The policy of avoiding multiple trials has been regarded as so important that exceptions to the principle have been only grudgingly allowed....
>
> Respondent was subjected to the burden of two trials for the same offense; he was twice put to the task of marshaling his resources against those of the State, twice subjected to the heavy personal strain which such an experience represents. We turn, therefore, to inquire whether either traditional principles or the juvenile court's assumed ability to function in a unique manner supports an exception to the constitutional policy of finality to which respondent would otherwise be entitled.

*Id.* at 532–33, 95 S.Ct. at 1787–88 (quotations and citations omitted). The Court then rejected the argument "that giving respondent the constitutional protection against multiple trials in this context will diminish flexibility and informality to the

extent that those qualities relate uniquely to the goals of the juvenile-court system" and agreed that granting constitutional protection to respondent would require, in most cases, that a transfer decision be made before an adjudicatory hearing and concluded that this would not impose an undue burden on the juvenile-court system. *Id.* at 535–39, 95 S.Ct. at 1789–90. The Court held "that the prosecution of respondent in Superior Court, after an adjudicatory proceeding in Juvenile Court, violated the Double Jeopardy Clause[.]" *Id.* at 541, 95 S.Ct. at 1791.

■ Appellant argues that it follows from *Breed* "that once a youth has been adjudicated a delinquent, imposing an adult sentence (or transferring to adult court) violates the double jeopardy clause." Appellant contends that he is being subjected to multiple punishments because he was given a single juvenile disposition for both offenses that he admitted committing, and he was also given consecutive adult sentences for the same two offenses. But appellant's argument ignores the fact that the concern in *Breed* was multiple trials. Here, the state designated appellant's case as an EJJ prosecution when the delinquency petition was filed, which meets the requirement that a transfer decision be made before an adjudicatory hearing; and there was a single adjudication of delinquency upon the district court's acceptance of appellant's guilty plea.

The issue in this case is whether imposing a juvenile disposition and adult sentences at the same time, as required under Minn.Stat. § 260B.130, subd. 4(a), constitutes multiple punishments. We conclude that it does not. We agree with the district court's description of the juvenile disposition and the adult sentences as "all part of one integrated statutory framework," which is consistent with the supreme court's explanation of the EJJ prosecution statute in *State v. Garcia,* 683 N.W.2d 294 (Minn.2004). In *Garcia,* the supreme court explained:

> The EJJ designation was conceived to provide a more graduated juvenile justice system based on age and offense with a new transitional component between the juvenile and adult systems. The intent of the EJJ designation is to give juveniles one last chance at success in the juvenile system, with the threat of adult sanctions as an incentive not to reoffend. An initial juvenile disposition reinforced by the possibility of adult sanctions gives juveniles a certainty of punishment combined with an opportunity to be successful in the juvenile system. Thus, unlike certified juveniles, EJJs are given one last chance at rehabilitation in the juvenile system before being subjected to adult sanctions.

*Id.* at 300 (citations and quotations omitted).

The juvenile disposition and the adult sentence imposed under Minn.Stat. § 260B.130, subd. 4(a), following delinquency adjudication in an EJJ prosecution are not separate, independently imposed punishments. They are a single punishment that has multiple components, with the juvenile disposition being essentially a probation condition of the stayed adult sentence. The actual consequences that a juvenile experiences may increase as a result of the juvenile's failure to comply with the juvenile disposition, but any additional consequences are set forth as a component of the single EJJ disposition. Because the juvenile disposition and the adult sentence are components of a single EJJ disposition, they do not violate the multiple-punishment prong of the prohibition against double jeopardy.

■ 2. Appellant argues that the EJJ disposition imposed under Minn.Stat. § 260B.130, subd. 4(a), violates his right to equal protection because it is a longer

sentence than would have been imposed if he had been an adult or a juvenile certified as an adult. Statutes are presumed constitutional and may only be declared unconstitutional when "the challenger bears the very heavy burden of demonstrating beyond a reasonable doubt that the statute is unconstitutional." *State v. Merrill*, 450 N.W.2d 318, 321 (Minn.1990). The "power to declare a statute unconstitutional should be exercised with extreme caution and only when absolutely necessary." *Id.* (quotation omitted).

The Equal Protection Clause of the Fourteenth Amendment provides, in relevant part, "No state shall ... deny to any person within its jurisdiction equal protection of the laws." U.S. Const. amend. XIV, § 1. Article I, Section 2, of the Minnesota Constitution provides, "No member of this state shall be disenfranchised or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land or the judgment of his peers." Both clauses have been analyzed under the same principles and begin with the mandate that all similarly situated individuals shall be treated alike, but only invidious discrimination is deemed constitutionally offensive. This court reviews an equal protection challenge to a statute under a rational basis standard unless the challenge involves a suspect classification or a fundamental right.

*Garcia*, 683 N.W.2d at 298 (quotation omitted).

Appellant argues that the deprivation of his liberty involves a fundamental right, and, therefore, a strict-scrutiny standard applies to his equal-protection challenge. But in addressing an equal-protection challenge to the EJJ prosecution statute's disparate treatment of juveniles who are designated as EJJs by different means, this court applied a rational-basis standard because the fundamental right to liberty is not affected when a stayed adult sentence is imposed concurrently with a juvenile disposition that requires commitment to a juvenile facility. *In re Welfare of T.C.J.*, 689 N.W.2d 787, 795 (Minn.App.2004), *review denied* (Minn. Jan. 26, 2005).

As in *T.C.J.*, which also involved an EJJ disposition imposed under Minn.Stat. § 260B.130, subd. 4(a), appellant is challenging the length of his sentence rather than the deprivation of his liberty. Appellant does not argue that he has the right to be free from any commitment to a juvenile or correctional facility. He argues that his sentence violates his right to equal protection because it is a longer sentence than would have been imposed if he had been an adult or a juvenile certified as an adult. Because appellant's challenge goes to the length of his sentence, the rational-basis test applies to determine the constitutionality of the sentence.

Appellant does not argue that no rational basis exists for sentencing EJJs differently than adults or juveniles certified as adults. Accordingly, appellant has failed to meet his burden of showing beyond a reasonable doubt that Minn.Stat. § 260B.130, subd. 4(a), is unconstitutional.

## DECISION

Because an EJJ disposition imposed under Minn.Stat. § 260B.130, subd. 4(a) (2004), that includes a juvenile disposition and an adult sentence is a single punishment, imposing a juvenile disposition and an adult sentence under Minn.Stat. § 260B.130, subd. 4(a), does not violate state or federal constitutional prohibitions against double jeopardy. Appellant has not shown that Minn.Stat. § 260B.130, subd. 4(a), violates the Equal Protection Clause of the federal or state constitutions.

**Affirmed.**